Pamphile v. Garland

BIA
Mulligan, IJ
A200 461 606

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

JAMES PAMPHILE,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

18-1764
NAC

---

| | |
|---|---|
| **FOR PETITIONER:** | Gary J. Mennitt, Deborah Kemi Martin, Dechert LLP, New York, NY. |
| **FOR RESPONDENT:** | Brian M. Boynton, Acting Assistant Attorney General; Leslie McCay, |

Senior Litigation Counsel; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner James Pamphile, a native and citizen of Haiti, seeks review of a May 15, 2018, decision of the BIA affirming a September 12, 2017, decision of an Immigration Judge ("IJ") denying Pamphile's application for withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re James Pamphile,* No. A 200 461 606 (B.I.A. May 15, 2018), *aff'g* No. A 200 461 606 (Immig. Ct. N.Y. City Sept. 12, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(C), provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having

2

committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)," that is, an aggravated felony as set forth in 8 U.S.C. § 1101(a)(43). *See* 8 U.S.C. § 1227(a)(2)(A)(iii). This "criminal alien bar," *Foster v. INS*, 376 F.3d 75, 79 (2d Cir. 2004), applies here because Pamphile was ordered removed for aggravated felonies. Accordingly, our review of his removal order is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). However, this jurisdictional limitation does not apply to our review of CAT claims. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690, 1692 1694 (2020). We have previously held that the jurisdictional limit does apply to withholding of removal claims, *see Ortiz-Franco v. Holder*, 782 F.3d 81, 90 (2d Cir. 2015), but the Supreme Court left open the question of whether we retain jurisdiction over the denial of withholding of removal in *Nasrallah*. For purposes of this case, we assume *arguendo* that the criminal alien bar does not apply to either withholding of removal or CAT relief, and we deny the petition on the merits as discussed below.

<u>Withholding of Removal</u>

We find no error in the agency's conclusion that Pamphile is ineligible for withholding of removal. "[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). An applicant is ineligible for withholding of removal if he has been convicted of a "particularly serious crime." *Id.* § 1231(b)(3)(B)(ii). Where, as here, an applicant's conviction is not per se particularly serious, *id.* § 1231(b)(3)(B), the agency considers the following factors: "(1) the nature of the conviction, (2) the circumstances and underlying facts of the conviction, (3) the type of sentence imposed and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008) (internal quotation marks and citations omitted).

The IJ applied the proper factors and reasonably determined that Pamphile's conviction for attempted assault

4

in the first degree in violation of New York Penal Law §§ 110, 120.10(1) was particularly serious under the circumstances. Pamphile pleaded guilty to attempted assault under this provision, which requires "intent to cause serious physical injury" and causing such injury "by means of a deadly weapon or dangerous instrument," for which he received a 42-month sentence of imprisonment. To the extent that Pamphile argues the agency should have placed greater weight on an assessment that he posed a low risk of violence and suffers from post-traumatic stress disorder, the weight afforded to the evidence is within the agency's discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). There is also no evidence in the record, contrary to Pamphile's assertion, that the IJ improperly considered Pamphile's history of anger management treatment in determining that Pamphile had committed a "particularly serious crime." For these reasons, we find no error and affirm the decision of the BIA to deny Pamphile's petition for withholding of removal.

Deferral of Removal Under the CAT

An applicant for CAT deferral must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal."  8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).  Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1).  We review the denial of CAT relief "under the deferential substantial-evidence standard." *Nasrallah*, 140 S. Ct. at 1692–93.

The agency concluded that Pamphile failed to establish that he would more likely than not be tortured on account of his status as a gay, HIV-positive, criminal deportee.  The record does not compel a contrary conclusion.  The evidence before the agency reflected that criminal deportees are generally not subject to mandatory detention upon arrival in Haiti.  And the absence of medical care or different medical care does not, without more, reflect an intent to torture. *See Pierre v. Gonzales,* 502 F.3d 109, 118 (2d Cir. 2007); *see*

6

*also* 8 C.F.R. § 1208.18(a)(1) ("Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."). Although there is evidence that LGBTI individuals in Haiti suffer discrimination and sometimes physical violence, the State Department Report considered by the agency indicates there were no reports of Haitian officials actively perpetrating or condoning violence against members of the LGBTI community. We defer to the agency's weighing of evidence. *See Y.C.,* 741 F.3d at 332; *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Because Pamphile had the burden to show that he would more likely than not suffer intentional harm rising to the level of torture, the agency did not err in denying his CAT claim on this record. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court